**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MICHELLE HEET, DAVID KITCHELL, MIKE BICKLE, and FRANK LUKETICH, individually, and as Representatives of a Class of Participants and Beneficiaries of the Fresenius Medical Care North America 401(k) Savings Plan,

Plaintiffs,

v.

NATIONAL MEDICAL CARE, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA and FRESENIUS MEDICAL CARE NORTH AMERICA ADMINISTRATIVE COMMITTEE,

Defendants.

Civil Action No. 1:25-cv-11644-WGY

**DECLARATION OF PAUL M. SECUNDA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Paul M. Secunda, declare and state as follows:

1. I am an attorney at Walcheske & Luzi, LLC and counsel of record for Plaintiffs Michelle Heet, David Kitchell, Mike Bickle, and Frank Luketich. I submit this declaration in support of their Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the matters stated, except where I identify information supplied by others, and could testify competently to them.

**SETTLEMENT TERMS**

2. Submitted with this declaration as **Exhibit 1** is the proposed Class Action Settlement Agreement, together with its **Exhibits A** through **F**: the Long Form Notice, Postcard Notice, Preliminary Approval Order, Plan of Allocation, Final Approval Order, and CAFA notice. The proposed settlement concerns the Fresenius Medical Care North America 401(k) Savings Plan.

3. The proposed Settlement Class is defined as follows: All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. The Class Period is June 6, 2019 through the date of the Preliminary Approval Order.

4. Paragraph 88 of the Complaint alleges that the proposed litigation class comprised almost 73,000 members. That figure is a pleading estimate, not a verified count of unique members of the proposed Settlement Class through the date of preliminary approval. The Complaint identifies three representatives who had rolled their accounts out of the Plan: Michelle Heet in October 2024, Mike Bickle in 2021, and Frank Luketich in April 2025. It identifies David Kitchell as a participant who retained his Plan account when the Complaint was filed on June 6, 2025. Complaint ¶¶ 21–24.

5. The Gross Settlement Amount is $740,000. Article 4 provides for establishment of a Qualified Settlement Fund within ten business days after preliminary approval and funding within thirty calendar days after the later of preliminary approval or establishment of the fund and delivery of the required payment information. The gross fund is subject to the deductions authorized by the agreement and the Court.

6. Under the proposed agreement, the Net Settlement Amount includes interest and other earnings on the Qualified Settlement Fund. Deductions include Court-approved attorneys' fees, litigation costs and Case Contribution Awards, Administrative Expenses, and a contingency reserve. An expense may be deducted only once. Any unused reserve returns to the amount available under the Court-approved Plan of Allocation. Class Counsel proposes to request up to one-third of the gross fund ($246,666.67) in attorneys' fees, plus reimbursement of litigation costs.

Plaintiffs have proposed a cap of $7,500 per representative ($30,000 in total) on the Case Contribution Awards they may request. The Court will determine any fees, costs, and awards on separate application.

7. Plaintiffs' proposed **Exhibit D** would allocate the Net Settlement Amount in proportion to each Class Member's Eligible Expenses during the Class Period. Eligible Expenses are general administrative charges actually imposed on accounts, net of related refunds or credits. No claim form or minimum-payment threshold is required. Members with no Eligible Expenses receive no allocation.

8. The administrator will calculate each allocation by multiplying the Net Settlement Amount by the member's Eligible Expenses and dividing by aggregate Eligible Expenses. It must reconcile data, avoid duplicates, correct material errors, and not treat missing records automatically as zero charges. Court approval is required for a change in methodology or a minimum-payment threshold. If reliable allocations cannot be calculated, the administrator must seek Court direction before allocating the fund.

9. Eligible members with Active Accounts when Final Entitlement Amounts are calculated receive payments to their Plan accounts; a member whose account closes before payment receives a check. Members without Active Accounts receive checks. **Exhibit D** provides for fully vested account credits, appropriate treatment of beneficiaries and alternate payees, address research, reissuance, reasonable reminders, and 180-day check periods. Any proposed tax treatment is subject to applicable law.

10. The administrator will endeavor to initiate distribution within ninety calendar days after the later of the Settlement Effective Date or receipt of complete calculation data. After the efforts and payment periods specified in **Exhibit D**, unclaimed amounts go to the Plan trust to pay

administrative expenses. No portion of the Net Settlement Amount reverts to Defendants after consummation. If the settlement terminates, Section 12.2 requires that all funds deposited into the Qualified Settlement Fund, and any interest earned thereon, be returned to Defendants within thirty calendar days.

11. The proposed class release covers conduct through the date of the Final Order. Among other matters, it reaches the use of forfeitures, Plan expenses and services, and Plan administration relating to expenses or forfeitures. Sections 14.5 and 14.6 contain disclaimers of responsibility and liability for the matters identified there. Sections 14.9 and 14.11 address enforcement and retained jurisdiction. **Exhibit D** separately directs the Settlement Administrator to reconcile data and correct material calculation and payment errors.

12. Under proposed § 7.7, FMCNA would pay $500 from outside the settlement fund to each Class Representative who signs an optional individual general release and does not timely revoke it. All four representatives have indicated that they intend to sign, subject to review of the final terms. Each representative's decision is separate from the representative's class allocation and eligibility for a Court-approved Case Contribution Award. The proposed form of individual release is submitted as **Exhibit 2**. It provides for payment within fifteen business days after the later of expiration of the individual Revocation Period or FMCNA's receipt of Walcheske & Luzi's W-9, by electronic funds transfer to the firm for distribution to the signing representative.

13. Based on my review of the record and the risks described below, I believe that a $740,000 recovery provides a reasonable compromise for the Class. The agreement provides no prospective change to Plan forfeiture policy, and I assign no settlement value to relief not required by its terms.

14. Defendants will retain an Independent Fiduciary to review the settlement of the Plan's claims under Article 2 and PTE 2003-39. Plaintiffs propose that the fiduciary deliver its written determination at least 28 calendar days before the Fairness Hearing, receive any later timely objections, and supplement its determination before the hearing if an objection materially affects it.

**CASE PROCEEDINGS**

15. Plaintiffs filed their 26-page Complaint on June 6, 2025, ECF No. 1, through Walcheske & Luzi, LLC and Jonathan M. Feigenbaum, Esq. The Complaint asserted claims concerning the use of forfeitures and alleged that participants bore administrative expenses, including through revenue sharing, wrap fees, and charges associated with the Plan's investment options. Complaint ¶¶ 16–20. It identified each representative's employment and Plan participation history, ¶¶ 21–24, alleged injury to their Plan accounts, ¶ 25, and alleged almost 73,000 class members, ¶ 88. The Court's February 9, 2026 decision dismissed Counts I, IV, and V, preserved Counts II and III, and preserved Count VI in part. *Heet v. National Medical Care, Inc.*, 819 F. Supp. 3d 63, 65–73 (D. Mass. 2026).

16. The Complaint relied on the Plan's 2022 Amendment and Restatement, including provisions governing administration, matching contributions, vesting, and forfeitures; the January 3, 2023 Summary Plan Description; and Forms 5500 and accompanying financial statement notes addressing forfeitures and administrative expenses. Complaint ¶¶ 13–20, 46–66. Counsel's settlement evaluation accounts for the Court's construction of the Plan's contribution-offset provisions and its separate conclusion that Plaintiffs' statutory loyalty and prudence claims survived dismissal.

17. The parties mediated before JAMS Mediator Robert A. Meyer, Esq., on September 17, 2026. The parties then negotiated the detailed Settlement Agreement and exhibits. My description concerns the process and settlement terms; it does not disclose confidential offers or negotiation positions.

18. Continued litigation would require further fact development, expert analysis, class certification proceedings, potential dispositive motions, trial, and possibly appeal. Although Plaintiffs prevailed on important pleading issues, the ruling did not establish liability, a compensable loss, or the amount of any recovery. In light of those risks and the costs and delay of continuing, I recommend the Settlement as fair, reasonable, and adequate, subject to finalization of the agreement and exhibits and the Court's review.

**PROFESSIONAL OVERVIEW**

19. My practice at Walcheske & Luzi focuses on employee benefits litigation, including ERISA class actions on behalf of participants and beneficiaries. I have practiced law since 1998 and joined Walcheske & Luzi in May 2020. Before entering this practice, I spent eighteen years in legal academia, including as a tenured professor at Marquette University Law School and previously at the University of Mississippi School of Law.

20. I received my J.D., magna cum laude, from Georgetown University Law Center in 1997 and my B.A., cum laude, from Harvard College in 1993. I clerked for Judge Murray M. Schwartz of the United States District Court for the District of Delaware in 1997–1998 and practiced labor, employment, and benefits law in Philadelphia from 1998 to 2002.

21. My ERISA class action experience includes litigation involving Froedtert Health, Quad/Graphics, RR Donnelley, Costco, Prevea, ThedaCare, Kimberly-Clark, Bronson Healthcare, and General Dynamics. These matters have required investigation of defined contribution plans,

analysis of administrative charges and investments, class representation, contested motion practice, and settlement work. This list describes experience and does not attribute any particular result to a case.

22. I am an elected Fellow of the American College of Employee Benefits Counsel, a Fellow of the American Bar Foundation, and a member of the American Law Institute. I served on the ERISA Advisory Council from 2013 through 2015 and chaired it in 2015. My teaching, scholarship, and professional presentations have addressed employee benefits and fiduciary law.

**LAW FIRM OVERVIEW**

23. Walcheske & Luzi has experience representing participants in ERISA class litigation and has devoted attorney time and resources to this Action. Walcheske & Luzi and Jonathan M. Feigenbaum, Esq. are identified as Plaintiffs' counsel in the Complaint. I believe the firm has the experience and knowledge necessary to serve as Class Counsel under Rule 23(g).

**SETTLEMENT ADMINISTRATOR**

24. The agreement identifies Analytics LLC as Settlement Administrator and escrow agent, subject to its terms. Notice will be provided by email or mail as ordered, with the Long Form Notice and settlement documents on the Settlement Website.

25. The optional individual release arrangement is described in paragraph 12, and its proposed form is submitted as **Exhibit 2**. Any executed individual elections or additional related agreements will be disclosed to the Court as part of the approval process. Class Counsel will submit the final approval motion and any application for fees, costs, and Case Contribution Awards on the schedule the Court sets.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2026.

*/s/ Paul M. Secunda*
Paul M. Secunda