# EXHIBIT A

Long Form Notice of Class Action Settlement

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHELLE HEET, DAVID KITCHELL, MIKE BICKLE, and FRANK LUKETICH, individually, and as Representatives of a Class of Participants and Beneficiaries of the Fresenius Medical Care North America 401(k) Savings Plan,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL MEDICAL CARE, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA and FRESENIUS MEDICAL CARE NORTH AMERICA ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | Case No. 25-cv-11644-WGY |

# LONG FORM NOTICE OF CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the Fresenius Medical Care North America 401(k) Savings Plan, and each of its predecessor plans, successor plans, merged and/or acquired plans, individually and collectively, and any trust created under such plans (the "Plan"), indicate that you were a participant in the Plan during the period from June 6, 2019, through [Date of Preliminary Approval Order] (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement. The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, __________.

The Court in charge of this case is the United States District Court for District of Massachusetts. The persons who sued on behalf of themselves and the Plan are called the "Plaintiffs," and the entities

they sued are called "Defendants." The Plaintiffs are Michelle Heet, David Kitchell, Mike Bickle, and Frank Luketich. The Defendants are National Medical Care, Inc. d/b/a Fresenius Medical Care North America and Fresenius Medical Care North America Administrative Committee (together, "Defendants" or "FMCNA"). The Action is known as *Heet, et al. v. National Medical Care, Inc. d/b/a Fresenius Medical Care North America, et al., Case No. 25-cv-11644*-WGY.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you have a Plan account with a positive balance when the Settlement Administrator calculates Final Entitlement Amounts (an "Active Account"), your payment will be credited to that account. If you have no Active Account, or your account closes before payment, you will receive a check. Employment status alone does not determine how you are paid. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY ________________.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
| **YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON ________________ ________.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Fairness Hearing about the Settlement and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection by the Court-approved deadline in advance of the Fairness Hearing AND you file a Notice of Intention To Appear, as described in the answer to Question 16 in this Notice, unless the Court permits you to speak for good cause shown. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this Action and this Notice may be obtained by contacting the following Class Counsel:

Paul M. Secunda
WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270

Wauwatosa, WI 53266
Tel: 414.828.2372

Class Counsel has established a toll-free phone number to receive your comments and questions: XXX-XXX-XXXX. You may also send an email to psecunda@walcheskeluzi.com. In the subject line please write "Heet v. FMCNA Settlement." **You should contact Class Counsel with any questions regarding this Settlement. YOU SHOULD NOT CONTACT THE COURT, FMCNA, OR COUNSEL FOR THE DEFENDANT. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS**.

**WHAT THIS NOTICE CONTAINS**

SUMMARY OF SETTLEMENT
BASIC INFORMATION
1. WHY DID I GET THIS NOTICE PACKAGE?
2. WHAT IS THE ACTION ABOUT?
3. WHY IS THIS CASE A CLASS ACTION?
4. WHY IS THERE A SETTLEMENT?
5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?
THE SETTLEMENT BENEFITS—WHAT YOU GET
6. WHAT DOES THE SETTLEMENT PROVIDE?
7. HOW MUCH WILL MY PAYMENT BE?
8. HOW MAY I RECEIVE A PAYMENT?
9. WHEN WOULD I GET MY PAYMENT?
10. CAN I GET OUT OF THE SETTLEMENT?
THE LAWYERS REPRESENTING YOU
11. DO I HAVE A LAWYER IN THE CASE?
12. HOW WILL THE LAWYERS BE PAID?
13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?
THE FAIRNESS HEARING
14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
15. DO I HAVE TO COME TO THE HEARING?
16. MAY I SPEAK AT THE HEARING?
IF YOU DO NOTHING
17. WHAT HAPPENS IF I DO NOTHING AT ALL?
GETTING MORE INFORMATION
18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

## SUMMARY OF SETTLEMENT

This Action is a class action in which Plaintiffs Michelle Heet, David Kitchell, Mike Bickle, and Frank Luketich allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under ERISA by using forfeitures to fund matching contributions to participants' accounts instead of paying Plan-related costs for participants. A copy of the Complaint as well as other documents filed in the Action are available at __________ or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in

the Action and deny any liability or wrongful conduct of any kind. Defendants believe the Plan has been administered properly, prudently, and in the best interests of Plan participants.

A Settlement Fund consisting of $740,000 (the "Gross Settlement Amount"), together with interest and other earnings, is being established. Court-approved attorneys' fees, litigation costs, Case Contribution Awards, Administrative Expenses, and the authorized contingency reserve will be deducted to determine the Net Settlement Amount. Administrative Expenses include settlement administration, recordkeeper, Independent Fiduciary, and applicable tax expenses as defined in the Settlement Agreement. No expense will be deducted twice. Unused reserves will become part of the Net Settlement Amount when no longer reasonably required. The Net Settlement Amount will be allocated under the Court-approved Plan of Allocation.

**STATEMENT OF POTENTIAL OUTCOME OF THE ACTION**

Defendants strongly dispute each of the claims asserted in the Action and deny that they ever engaged in any wrongdoing, violated the law, or breached any duty owed to Plan participants. Further, Plaintiffs would face an uncertain outcome if the Action were to continue. The Defendants filed a motion to dismiss the Complaint for failure to state a claim, which was granted in part and denied in part. Following this, the parties engaged in private mediation at which time the Settlement was reached. If the Settlement had not been reached, Defendants would present evidence that they reasonably and prudently managed the Plan's forfeitures and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of Defendants and against Plaintiffs and Settlement Class. Even if Plaintiffs and Settlement Class prevailed, they might recover a judgment less than the benefits obtained as part of the Settlement, or no recovery at all.

Plaintiffs and Defendants disagree on liability and do not agree on the amount that would be recoverable even if Plaintiffs were to prevail at trial. Defendants deny all claims and contentions by Plaintiffs. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class or the Plan has suffered any damages for which Defendants could be held legally responsible. Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, Plaintiffs and Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

**STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION**

Class Counsel will request attorneys' fees of no more than one-third of the $740,000 Gross Settlement Amount ($246,666.67), plus reimbursement of litigation expenses. Any amounts approved by the Court will be paid from the Settlement Fund.

**WHAT WILL THE CLASS REPRESENTATIVES GET?**

The Class Representatives will share in the Net Settlement Amount under the same allocation formula as other Class Members. They will also request Case Contribution Awards of up to $7,500 each, or $30,000 in total, for their participation in the Action and representation of the Settlement

Class. The Court may approve, reduce, or deny these requests. Any approved awards will be paid from the Settlement Fund.

## BASIC INFORMATION

### 1. WHY DID I GET THIS NOTICE PACKAGE?

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from June 6, 2019 to** [Date of Preliminary Approval]

The Court directed that this Notice be sent to you because, if you fall within the definition of the Settlement Class, you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. WHAT IS THE ACTION ABOUT?

This Action concerns "forfeitures." Under the Plan, FMCNA makes matching contributions to participants' individual Plan accounts. FMCNA's matching contributions "vest" over five years (participants are always 100% vested in their own contributions). Those who leave sooner "forfeit" any unvested amounts as set forth in the Plan. Here, Plaintiffs claim that ERISA required Defendants to use forfeitures to pay the Plan's administrative expenses, and that Defendant instead improperly used forfeitures to fund matching contributions to participants' accounts. Based on this alleged conduct regarding the allocation of Plan forfeitures, Plaintiffs allege that Defendants violated their fiduciary duties of prudence and loyalty under ERISA.

### THE DEFENSES IN THE ACTION

Defendants deny each of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct. If the Action were to continue, Defendants would raise numerous defenses to liability, including that Plaintiffs' claims fail on the merits because the conduct that Plaintiffs challenge complies with over sixty years of legal guidance that permits the use of forfeitures to offset employer contributions. Moreover, the terms of the Plan required Defendants to apply forfeitures in the manner that they were applied.

### THE ACTION HAS BEEN AGGRESSIVELY LITIGATED

Class Counsel has extensively investigated the allegations in the Action. Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, news articles and other publications, and other documents regarding the general and specific matters that were alleged in the Complaint filed on June 6, 2025. The Defendants filed a motion to dismiss for failure to state a claim, which the Court denied in part and granted in part. The Court dismissed Plaintiffs' claims for failure to follow the Plan document

and prohibited transactions, but allowed Plaintiffs' claims for breach of the fiduciary duties of prudence and loyalty, and part of their failure-to-monitor claim, to proceed. Following the Court's Order on Defendants' motion to dismiss, the parties agreed to private mediation. On September 17, 2026, the parties mediated before Robert A. Meyer, Esq., a well-respected neutral mediator with extensive experience mediating ERISA class actions like this one, and, with his assistance, reached this settlement.

## 3. WHY IS THIS CASE A CLASS ACTION?

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Class Representatives filed this case as a class action.

## 4. WHY IS THERE A SETTLEMENT?

As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in Plaintiffs obtaining no recovery at all or obtaining a recovery that is less than the amount of the Settlement. Based on these factors, Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

## 5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?

You are a member of the Settlement Class if you fall within the definition of the Settlement Class preliminarily approved by Judge William G. Young:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a Qualified Domestic Relations Order ("QDRO") who participated in the Plan at any time during the Class Period.

The "Class Period" referred to in this definition is from June 6, 2019 to [date of preliminary approval order]. If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

## THE SETTLEMENT BENEFITS—WHAT YOU MAY GET

### 6. WHAT DOES THE SETTLEMENT PROVIDE?

Under the Settlement Agreement, FMCNA will cause $740,000 to be paid into the Settlement Fund following preliminary approval. The amount available for allocation will include investment earnings, less the authorized fees, costs, awards, Administrative Expenses, and reserves described above. Unused reserves will be restored as provided in the Settlement Agreement, and no expense will be deducted twice. The Net Settlement Amount will be allocated under the Court-approved Plan of Allocation after the Settlement Effective Date and satisfaction of the distribution requirements.

If the Settlement becomes effective, the Plan, Class Representatives, and Class Members will release the Released Claims against the Released Parties as of the Settlement Effective Date. The release covers known and unknown claims based on acts or omissions through the date of the Final Order, including claims asserted or that could have been alleged in this Action; claims concerning use of employer contributions or forfeitures, Plan expenses and charges, services and their cost, and Plan administration relating to expenses or forfeitures; claims barred by the final judgment; and specified claims concerning allocation and the Independent Fiduciary's approval (except claims against the Independent Fiduciary alone). It excludes claims that are both unrelated to the Settlement or Action and concern vested account balances under the Plan's terms and records as of the date the Settlement becomes Final. The full release, including its exceptions, is in the Settlement Agreement.

The Released Parties are (a) Defendants; (b) Defendants' insurers, co-insurers, captive insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, principals, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through or in concert with any of them.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, ______________ or by contacting Class Counsel identified in this Notice.

## 7. HOW MUCH WILL MY PAYMENT BE?

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation. In general, your proportionate share of the Settlement will be calculated as follows:

- Your allocation will equal the Net Settlement Amount multiplied by your Eligible Expenses, divided by the total Eligible Expenses of all Class Members. Eligible Expenses are general Plan administrative expenses actually charged to your account during the Class Period that fall within the Plan of Allocation, reduced by related refunds or credits. A member with no Eligible Expenses receives no allocation; missing records will not automatically be treated as zero. The Administrator will review records and correct errors before finalizing payments. Amounts will be rounded to cents under Exhibit D, with no minimum-payment threshold. A substitute allocation method or minimum threshold requires Court approval. You may report suspected record errors to the Administrator or Class Counsel without filing a claim. After the required efforts to locate recipients, expiration of check periods, and resolution of outstanding payment issues, unclaimed amounts will be transferred to the Plan to pay Plan administrative expenses. No Net Settlement Amount will revert to Defendants. Exhibit D contains the full methodology and procedures.

You will not be required to produce records that show your Plan activity. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel identified in this Notice.

## 8. HOW MAY I RECEIVE A PAYMENT?

You do not need to file a claim. If you have an Active Account when Final Entitlement Amounts are calculated, your allocation will be credited to your Plan account. If you have no Active Account, or that account closes before payment, the Settlement Administrator will send you a check. Employment status alone does not determine payment status.

All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. A replacement check will void the original and remain valid for 180 days from its own issuance. A payment will not be treated as unclaimed while a timely replacement request or identified payment error remains unresolved. If your address has changed, please contact Class Counsel identified in this Notice.

Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

## 9. WHEN WOULD I GET MY PAYMENT?

Payments require Court approval, completion of the Independent Fiduciary review, occurrence of the Settlement Effective Date, and the data and calculations needed for distribution. The Administrator will endeavor to begin distribution within 90 calendar days after the later of the Settlement Effective Date or receipt of complete data needed to calculate Final Entitlement Amounts. This is not a guaranteed payment date. Objections, appeals, or unresolved data issues may delay payment, potentially for a substantial period.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

## 10. CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, see the answer to Question 13 below.

# THE LAWYERS REPRESENTING YOU

## 11. DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Walcheske & Luzi LLC. as Class Counsel for the Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will file their motion for attorneys' fees of no more than one-third of the Gross Settlement Amount ($246,666.67), reimbursement of litigation costs, and Case Contribution Awards no later than [DATE: 42 days before the Fairness Hearing]. The motion will be available on the Settlement website before the objection deadline. The Court will consider these requests at the Fairness Hearing and may approve, reduce, or deny them.

### OBJECTING TO THE ATTORNEYS' FEES

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the amount they are paid.

## 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement *Heet, et al. v. National Medical Care, Inc. d/b/a Fresenius Medical Care North America, et al.*, Case No. 25-cv-11644-WGY. Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement. **You must file your objection with the Clerk of the Court of the United States District Court for the District of Massachusetts so that it is received no later than ________________.** The address is:

United States District Clerk
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

The objection must refer prominently to this case name *Heet, et al. v. National Medical Care, Inc. d/b/a Fresenius Medical Care North America, et al.*, Case No. 25-cv-11644-WGY.

A copy of your objection must also be received by Class Counsel and Defense Counsel by the same deadline stated above. You may provide the copy by email (writing "Heet v. FMCNA Settlement" in the subject line) or by mailing the objection to the following respective addresses for Class and Defense Counsel:

| Class Counsel | Defense Counsel |
|---|---|
| Paul M. Secunda<br>Walcheske & Luzi, LLC<br>1200 N. Mayfair Road, Suite 270<br>Wauwatosa, WI 53266<br>psecunda@walcheskeluzi.com | Keri L. Engelman<br>Morgan, Lewis & Bockius LLP<br>One Federal Street<br>Boston, MA 02110<br>keri.engelman@morganlewis.com |

**THE FAIRNESS HEARING**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak if you have timely asserted an objection, but you do not have to participate in the Fairness Hearing to have your objection considered. **It is your obligation to ensure that your written objection is received by the Court by no later than __________________.**

**14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Fairness Hearing currently is scheduled for ______ _.m. on _________________, at the United States District Court for the District of Massachusetts, or such other courtroom as the Court may designate. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference. Any change in hearing date, time, location, or format will be posted on the Settlement website. If you wish to attend, you should confirm the date and time of the Fairness Hearing with Class Counsel before doing so. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Class Representatives. The Parties do not know how long these decisions will take or whether appeals will be filed.

**15. DO I HAVE TO COME TO THE HEARING?**

No, but you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as your written objection is filed with and received by the Court, and received by counsel, by the deadline, it will be before the Court when the Court considers whether to approve the Settlement. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is also not necessary.

**16. MAY I SPEAK AT THE HEARING?**

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Fairness Hearing and present your objections to the Court. You may attend the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written

objection by the objection deadline AND you file a Notice of Intention To Appear, as described in this paragraph. To do so, you must file with the Court a letter or other paper called a "Notice of Intention To Appear at Fairness Hearing in Heet, et al. v. National Medical Care, Inc. d/b/a Fresenius Medical Care North America, et al., Case No. 25-cv-11644-WGY." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention To Appear must be received by the attorneys listed in the answer to Question 13 above, no later than ________________, and must be filed with and received by the Clerk of the Court at the address listed in the answer to Question 13 by that same deadline, 14 calendar days before the hearing. The Court may permit an appearance for good cause shown.

## IF YOU DO NOTHING

### 17. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action if approved by the Court as described above in this Notice. You will be bound by the class release when it becomes effective even if the allocation formula provides you no payment. You cannot opt out.

## GETTING MORE INFORMATION

### 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel identified in this Notice. Copies may also be obtained at a dedicated Settlement website, ____________, by calling the toll-free number, xxx-xxx-xxxx, or by sending an email to psecunda@walcheskeluzi.com. In the subject line please write "Heet v. FMCNA Settlement." You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, FMCNA, OR COUNSEL FOR FMCNA REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS. INSTEAD CONTACT CLASS COUNSEL, THE SETTLEMENT ADMINISTRATOR TOLL-FREE AT XXX-XXX-XXXX, OR VISIT THE WEBSITE AT ______________.**