# Exhibit 2

## GENERAL RELEASE AGREEMENT

This General Release Agreement (the "Agreement") is made by and between [INSERT NAME] ("Class Representative") and National Medical Care, Inc. d/b/a Fresenius Medical Care North America ("FMCNA") (collectively, the "Parties"). This Agreement applies only to the individual Class Representative who signs it. Capitalized terms not defined here have the meanings given in the Class Action Settlement Agreement identified below.

WHEREAS, on June 6, 2025, the plaintiffs filed a Complaint in Heet, et al. v. National Medical Care, Inc. d/b/a Fresenius Medical Care North America, et al., Case No. 25-cv-11644-WGY, in the United States District Court for the District of Massachusetts (the "Action"), asserting that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA").

WHEREAS, the parties to the Action have negotiated a Class Action Settlement Agreement (the "Settlement"), which provides in Section 7.7 an optional individual general release and covenant not to sue in exchange for separate and additional consideration. This Agreement constitutes the signing Class Representative's separate written election under Section 7.7 and expressly incorporates that Section, subject to the clarifications below.

**NOW, THEREFORE**, in consideration for the mutual covenants and promises described below and in Section 7.7 of the Settlement, the Parties agree as follows:

1. Consideration. In exchange for the Class Representative's individual execution of this Agreement and the promises stated herein, FMCNA shall pay the Class Representative $500.00 as specified below. This payment is consideration in addition to anything of value to which the Class Representative is otherwise entitled. Declining or revoking this Agreement shall not affect the Class Representative's allocation under the Plan of Allocation, eligibility for a Court-approved Case Contribution Award, or participation in the class Settlement. Execution or effectiveness of this Agreement is not a condition of the class Settlement or of filing the preliminary approval motion.

FMCNA shall pay the $500.00 from funds outside the Gross Settlement Amount and Qualified Settlement Fund, without deduction from or conditioning of the Class Representative's class allocation or any Case Contribution Award. Payment is due within fifteen (15) business days after the later of the expiration of this Class Representative's Revocation Period without revocation or the date upon which FMCNA receives a W-9 form from Walcheske & Luzi, LLC, which shall be solely responsible for distributing Class Representatives' payment to them. Payment shall be by electronic funds transfer to Paul M. Secunda, Walcheske & Luzi, LLC, 1200 N. Mayfair Road, Suite 270, Wauwatosa, WI 53266, for prompt distribution to the Class Representative. No particular tax treatment is promised. The Class Representative remains responsible for taxes legally imposed on the Class Representative. No other Class Representative's execution, revocation, or paperwork shall delay this payment.

2. General Release. Subject to the exceptions in this Agreement and effective only as provided in Paragraph 8, the Class Representative (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys,

predecessors, successors, and assigns) releases the Releasees from all claims, causes of action, attorneys' fees, costs, damages, injunctive relief, or any right to any monetary recovery or any other personal relief, legally capable of waiver under federal, state, or local law, whether known or unknown, arising from acts or omissions occurring on or before the date the Class Representative personally signs this Agreement. This includes claims asserted or that could have been asserted in the Action and claims arising from the Class Representative's employment with or separation from FMCNA, subject to the expressly preserved rights below. This Agreement does not release another Class Member's independent claims or release claims on behalf of the Plan or the Settlement Class. Any class-wide or Plan release is governed by the Settlement and the Court's orders.

Without limiting the generality of the foregoing, this waiver and release includes any claim or right based upon or arising under any federal, state, or local fair employment practices or equal opportunity laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Americans with Disabilities Act, and the laws of the state and/or locality in which the Class Representative works and/or resides (the "Released Claims"). The term "Released Claims" in this Agreement means only claims released by this individual Agreement, subject to all its exceptions; it does not expand the class release defined in the Settlement.

For purposes of this Agreement, "Releasees" means the "Released Parties" as defined in Article 1 of the Settlement. This Agreement does not enlarge that group.

Nothing in this Agreement prevents the Class Representative from discussing or disclosing information about unlawful workplace acts, including harassment or discrimination or other conduct reasonably believed unlawful. This Agreement does not release or waive claims or causes of action relating to: (i) rights under COBRA; (ii) unemployment insurance or workers' compensation benefits; (iii) vested benefits under the written terms of a qualified employee pension benefit plan; (iv) medical claims incurred during employment and payable under an applicable medical or employer-insured liability plan; (v) claims arising after the Class Representative signs this Agreement; (vi) rights under the Settlement or this Agreement, including rights to enforce payment and other express obligations; (vii) claims or rights that cannot lawfully be waived; or (viii) rights protected by Paragraph 3 below or Section 7.7.2 of the Settlement. These exceptions apply to every release, waiver, covenant, and payment provision in this Agreement.

3. Permitted Conduct. Nothing in this Agreement or its incorporation of Section 7.7 prohibits or restricts the Class Representative from (A) initiating communications directly with, cooperating with, providing information to, causing information to be provided to, filing a charge or complaint with, or otherwise participating, testifying, or assisting in any investigation or proceeding by any governmental or regulatory agency, entity, or official(s) including the EEOC, the NLRB, and the Securities and Exchange Commission (collectively, "Governmental Authorities") regarding a possible violation of any law; (B) responding to any inquiry or legal process directed to them individually (and not directed to FMCNA and/or its subsidiaries) from any such Governmental Authorities; or (C) making any other disclosures that are protected under the whistleblower provisions of any applicable law. No notice to or permission from FMCNA is required before engaging in such activity. To the extent legally permissible, the Class

Representative waives any right to recover monetary damages or any other form of personal relief from FMCNA and Releasees in connection with any such charge, complaint, investigation, or proceeding, but does not waive any right to apply for or receive a governmental whistleblower award or other award or relief that applicable law protects from waiver. Nothing limits rights under Section 7 of the NLRA, including protected communications about employment terms and conditions. Federal law provides immunity from certain trade-secret claims for confidential disclosures to an attorney or governmental official to report or investigate suspected unlawful conduct, and for disclosures in a sealed court filing, subject to 18 U.S.C. § 1833(b). Those protections remain fully available. This Agreement creates no additional confidentiality obligation. It may be disclosed to the Court and the Independent Fiduciary as appropriate for settlement review and approval, and to the Class Representative's legal and tax advisers. Any otherwise applicable confidentiality provision remains subject to the protected conduct and disclosures stated here.

4. Promise Not to Sue. Subject to Paragraphs 2 and 3, the Class Representative agrees never, individually or with any person or entity, to commence, aid, sponsor, prosecute, or cause to be prosecuted any action, lawsuit, class action, arbitration, or administrative proceeding against Releasees in any state, federal, or local court or tribunal, based upon or related to claims validly released by this Agreement. This covenant does not restrict protected reporting or participation or other assistance that is protected by law, assertion of claims excluded from the release, or enforcement of this Agreement or the Settlement. It does not prohibit a challenge to whether the ADEA waiver is knowing and voluntary. No tender back of the $500 payment, contractual penalty, or contractual fee-shifting obligation is imposed for bringing such a challenge.

5. Acceptance and Revocation. The Class Representative may accept this Agreement by personally signing and delivering it to FMCNA through Keri L. Engelman at keri.engelman@morganlewis.com or Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110. Consistent with Section 7.7.3 of the Settlement, FMCNA shall provide the Class Representative the complete terms of the optional general release, including Section 7.7, and written notice of the deadline for acceptance (the "Expiration Date"), which shall be no earlier than twenty-one (21) days after the Class Representative receives those terms, or any longer period required by applicable law. Acceptance must be received by 11:59 p.m. Eastern Time on the Expiration Date. The Class Representative may revoke by written notice, personally or through authorized counsel, received at keri.engelman@morganlewis.com or Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 no later than 11:59 p.m. Eastern Time on the seventh (7th) calendar day after the Class Representative signs (the "Revocation Period"). If that last day is a Saturday, Sunday, or federal holiday, the deadline extends to the next business day. An email stating the decision to revoke is sufficient; no special form or FMCNA acknowledgment is required. This Revocation Period applies only to this individual Agreement and shall not be shortened or waived. Timely revocation or failure to accept means the individual release and payment obligations do not take effect; neither affects the class Settlement or any other representative's election. Counsel's signature on the Settlement does not constitute the Class Representative's individual acceptance.

6. Acknowledgments. The Class Representative acknowledges that:

a. FMCNA advises the Class Representative in writing to consult with an attorney before signing this Agreement;

b. The Class Representative has had the opportunity to obtain advice from an attorney of the Class Representative's own choice and understands the voluntary nature of this individual election;

c. If the Class Representative signs before the Expiration Date, the decision to do so is knowing and voluntary, without a threat to withdraw or change the offer before that date or an offer of different terms for signing early.

7. Amendments. Consistent with Section 7.7.3, the Parties agree that changes to this Agreement, whether material or immaterial, do not restart the twenty-one-day review period, except to the extent applicable law requires otherwise. No amendment may shorten the mandatory Revocation Period. Any amendment must be in writing and accepted by FMCNA and the Class Representative personally; counsel's agreement alone does not amend the Class Representative's individual election.

8. Effective Date. This Agreement becomes effective on the day after the applicable Revocation Period expires without revocation (the "Effective Date"). The Effective Date of this individual Agreement is distinct from the Settlement Effective Date. FMCNA's delivery of this Agreement through authorized counsel constitutes its offer and commitment to perform upon timely acceptance and expiration of the Revocation Period. FMCNA shall countersign and return a fully executed copy to Class Counsel promptly after the Effective Date; its delay in countersigning does not postpone effectiveness or payment. This Agreement implements Section 7.7, and the two shall be read consistently. Nothing in this Agreement expands the class release, reduces class settlement rights, or overrides the express exceptions in Paragraphs 2 through 4.

AGREED:

FMCNA signature: ___________________________________
Keri L. Engelman, Esq., authorized counsel for FMCNA
Date: ______________________________________________

For National Medical Care, Inc. d/b/a Fresenius Medical Care North America

Class Representative signature: ___________________________
Printed name: __________________________________________
Date signed: ___________________________________________